UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MARCELLO M. MAYS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5:23-00093-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| WARDEN PAUL, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Marcello Mays has filed a *pro se* petition for a writ of habeas corpus. [R. 1.] He has also filed documentation indicating that payment of the five dollar filing fee is forthcoming. [R. 1-1.] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Mays has left his petition almost entirely blank, [*see* R. 1 at 1-9], despite recent and clear direction from this Court to fully complete the form. *See* Order of Dismissal, *Mays v. Paul*, No. 5:23-CV-00078-DCR (E.D. Ky. 2023), ECF No. 4. Nonetheless, Mays musters at least a threadbare presentation of his claim. He states that the Bureau of Prisons ("BOP") has applied a Public Safety Factor ("PSF") to him based upon a 25-year old conviction listed in his presentence report. He indicates that he has asked the BOP to remove the PFS, or alternatively to waive it. [R. 1 at 6.] Mays does not argue or even suggest that application of the PFS is improper or that the BOP is obligated to waive it. Mays does state that he has filed numerous inmate grievances on the matter with the BOP, without success. [R. 1 at 6, 8.] Mays asks the Court to remove the PSF so that he can be transferred to a low security prison closer to his home in Wisconsin. [R. 1 at 6, 9.]

The Court, assuming without deciding that Mays has exhausted his administrative remedies, will deny the petition for two reasons. First, Mays cannot challenge the BOP's determination of his security classification in a habeas corpus proceeding under 28 U.S.C. § 2241. A habeas corpus petition may only be used to challenge the manner in which a prisoner's sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F. 2d 889, 894 (6th Cir. 1999); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Nerasin v. Lappin*, No. 11-1190, 2011 WL 5361274, at *5 (N.D. Ohio Nov. 3, 2011) ("habeas jurisdiction, even in cases attacking the execution of a prisoner's sentence, only attaches if the prisoner is challenging a BOP decision that ultimately affects the length of his confinement"). A federal prisoner's PSF is one component of a more detailed assessment used to assign a security classification to a prisoner, which in turn is used to determine prison placement and eligibility for certain rehabilitative programming. *See* BOP Program Statement 5100.08, *Inmate Security Designation and Security Classification* (Sept. 4, 2019). It does not affect the duration of a prisoner's sentence, and therefore may not be challenged in a habeas corpus proceeding. *Cf. Owen v. Sepanek*, No. 0:14-CV-158-HRW (E.D. Ky. Nov. 19, 2014) (collecting cases holding that inmate's challenge to PSF is not cognizable in habeas). A prisoner's security classification is related to the conditions of the prisoner's confinement, a matter which must be challenged (if at all) in a civil rights action. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Second, any challenge by Mays to his PSF would fail. A federal prisoner has no substantive due process right to be confined in or transferred to a particular facility. *Olim v.*

*Wakinekona*, 461 U.S. 238, 250 (1983), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 484 n.5 (1995); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Nor is there any right to be placed in a particular security classification. *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004). Likewise, the BOP's authority to determine an inmate's security classification derives from 18 U.S.C. § 3621(b), and it possesses broad discretion in making those determinations. *Perez v. Lappin*, 672 F. Supp. 2d 35, 40 (D.D.C. 2009); *see also* 18 U.S.C. § 3625. This does not mean that the BOP may not change Mays' security classification of its own accord, only that Mays does not have any enforceable right to compel it to do so.

For these reasons, the Court will deny Mays' petition. Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. Marcello Mays' petition for a writ of habeas corpus **[R. 1]** is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

This the 27th day of March 2023.

Gregory F. Van Tatenhove
United States District Judge